UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA SANCHEZ HOLIWELL,<br><br>                    Plaintiff,<br><br>          v.<br><br>ANDY (ANDREW) CHARLES HIGGINS, *et al.*,<br><br>                    Defendants. | CASE NO. 2:24-cv-00720-RSL<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |

This matter comes before the Court on "Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order." Dkt. # 32. Plaintiff alleges that she was an employee of defendant Seattle Department of Construction and Inspections from May 2013 to May 2023 and that she was improperly discharged for participating in an investigation and filing a wage complaint. She also alleges that, following her discharge, defendants retaliated against her by (a) contesting plaintiff's application for unemployment benefits, (b) deactivating plaintiff's Seattle Services Portal Account, and (c) deleting plaintiff's on-line access to her City of Seattle retirement account. Dkt. # 12 at ¶¶ 285, 294-95. Plaintiff seeks an order enjoining defendants from participating in employee investigations, benefits determinations, discipline, transfers, demotions, and/or discharges until the Court has an opportunity to issue a final judgment in this matter and restraining

defendants from interfering with plaintiff's right to equal protection of the laws and access to public city services. Dkt. # 32 at 22-23.

Preliminary injunctive relief can be granted only if the moving party establishes "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "All four elements must be satisfied." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022). The factors are evaluated on a "sliding scale," however, meaning that "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit has repeatedly held that "when the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits.'" *hiQ Labs*, 31 F.4th at 1188 (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135).

Where plaintiff requests an injunction that requires defendants to take affirmative steps to change their behavior, such as reinstating access permissions that have been deactivated, the relief is considered a mandatory injunction because it "orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks and citation omitted). Such injunctions "go[] well beyond simply maintaining the status quo *pendente lite* [and are] particularly disfavored." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal citations omitted). Mandatory injunctions cannot be issued in doubtful cases: courts should deny the requested relief unless the facts and law clearly favor the moving party. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Plaintiff has failed to make the showing required to obtain preliminary injunctive relief. Plaintiff's employment with the City ended more than two years ago, and there is no

ORDER DENYING MOTION FOR PRELIMINARY
INJUNCTIVE RELIEF - 2

indication that she is likely to suffer an adverse employment action at this point in time. While the Court does not doubt the sincerity of plaintiff's concerns that other City employees still face a risk of retaliation or may suffer from the racketeering activities alleged, plaintiff may not seek injunctive relief based on injuries that may befall other people. Finally, with regards to plaintiff's claims of on-going retaliation, she has not shown that she is likely to succeed on the merits or that she is likely to suffer irreparable injury if injunctive relief is not granted. It appears that plaintiff's unemployment benefit application was resolved in her favor, Dkt. # 12 at ¶ 285, and the evidence provided suggests that plaintiff's access issues had to do with her use of an inactive email or loss of a security PIN number on those accounts, not defendants' malfeasance. Dkt. # 32-3 at 3; Dkt. # 32-8 at 1. Preliminary injunctive relief is not appropriate in this case.

Plaintiff also raises issues regarding how defendants are litigating this case. In particular, she mentions that counsel for certain defendants have contacted her before entering their appearance in this matter, have complained about improper service, have provided misleading information, and/or have thwarted plaintiff's efforts to comply with the Court's deadlines for submission of a Joint Status Report. These matters are not relevant to any of plaintiff's claims and are therefore not properly the subject of a motion for preliminary injunctive relief. They do, however, impact the timely and efficient administration of justice and will therefore be addressed.

There is no requirement that defense counsel file a notice of appearance before communicating with an opposing party, nor is there any bar against identifying defects in service in such communications. Plaintiff does not explain in what way defense counsel mislead her, and the Court declines to speculate. Plaintiff's assertion that defendants have been unwilling to participate in the Rule 26(f) conference is troubling, however. Defendants are not free to ignore the Court's scheduling orders or unilaterally change

ORDER DENYING MOTION FOR PRELIMINARY
INJUNCTIVE RELIEF - 3

pretrial procedures. The Court establishes case management deadlines early in the case in order to move efficiently towards resolution. Waiting until all defendants have been served and have appeared creates unnecessary delay. Instead, the Court's standard case management order provides that if additional parties appear after it is issued, they will be bound by the established deadlines unless they seek and obtain an extension. The parties in the above-captioned are expected to cooperate throughout the scheduling process, starting with holding a good faith Rule 26(f) conference by October 29, 2024.

DATED this 28th day of October, 2024.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge