1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   ALICIA SANCHEZ HOLIWELL,

9                Plaintiff,

10                    v.

11   ANDY CHARLES HIGGINS, *et al*.,

12                Defendants.

13

CASE NO. 2:24-cv-00720-RSL

ORDER REGARDING SERVICE

14

15

16

17

18

This matter comes before the Court on "Defendant City of Seattle's and Related

City Defendants' Motion to Dismiss or, in the Alternative, Quash Service of Summons

Pursuant to FRCP 4(m) and 12(b)(5)." Dkt. # 40. The City of Seattle defendants[1] have

appeared specially to point out the deficiencies in plaintiffs' attempts to serve the

19

20

21

22

23

24

25

26

---

[1] As used in this Order, "City of Seattle defendants" means all City-affiliated entities and individuals for whom summons was issued, specifically the City of Seattle (including the Mayor's Office, the City Attorney's Office, the Seattle Department of Construction and Inspection, the Seattle Ethics and Elections Commission, the Seattle Civil Service Commission, the Seattle Office of Civil Rights, the Human Resources Investigative Unit, the Seattle Employment Retirement Services, the Seattle Department of Human Resources, and the Seattle Customer Service Bureau), Andy Charles Higgins, Andy Lunde, Al Lunde, Steve Burns, Ede Courtenay, Mike Peli, Danielle Priest, Stephanie Tate, Linda Elwood, Stacie Bonathan, Amy Donlan, Rebecca Scheffer, Brandon Kuykendall, Marc Mayo, Wayne Barnett, Andrea Scheele, Larry Lunde, Jeffrey S. Davis, Tim Rasmussen, Sam Steele, Scott Lau, Bex Randel, Shelbe Kukowski, Peter Fuerbringer, Bruce Harrold, Mike Chin, Kristin Hawes, Derrick Wheeler-Smith, Nathan Torgelson, and Patrick Foss.

ORDER REGARDING SERVICE - 1

1   summons and complaint on them, to request that the certificates of service and waivers of

2   service in the record be quashed, and to seek dismissal of the claims asserted against them.

3
4       Plaintiff has filed a series of complaints, Dkt. # 4, 7, 9, and 12, only the first two of

5   which are authorized by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(1)

6   (authorizing a single amendment as of right and requiring leave of court or agreement of

7   opposing parties for any subsequent amendment). Plaintiff separately directed the Clerk of

8
9   Court through praecipes and requests for summons to add and delete defendants, Dkt. # 15,

10  19, 24, and 37. In response to these various submissions, the Clerk issued summons

11  regarding the City of Seattle defendants on June 3, 2024, and August 27, 2024. Dkt. # 5

12  and 16. As discussed below, those summons were never properly served.

13
14      A federal court cannot exercise jurisdiction over a defendant unless the defendant

15  has been served with the summons and complaint under Fed. R. Civ. P. 4. *Direct Mail*

16  *Specialists, Inc. v. Eclat Computerized Tech*., 840 F.2d 685, 688 (9th Cir. 1988). Without

17  substantial compliance with Rule 4, "neither actual notice nor simply naming the

18  defendant in the complaint will provide personal jurisdiction." *Id.* (quoting *Benny v. Pipes*,

19
20  799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987)). Once service

21  is challenged, the plaintiff bears the burden of establishing that service was valid.

22  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Plaintiff's only response to the

23  City's challenge to the sufficiency of service is a complaint regarding property damage

24  with no relationship to or mention of the service issues before the Court. Dkt. # 43.

25

26

ORDER REGARDING SERVICE - 2

1
2
3
4          A municipal corporation and its departments, offices, agencies, boards, and
5
6    commissions is properly served by (a) delivering a copy of the summons and complaint to
7
8    the chief executive officer of the municipality or (b) serving the documents in the manner
9
10   prescribed by state law. Fed. R. Civ. P. 4(j)(2). There is no indication that plaintiff
11
12   delivered the summons and complaint to Mayor Bruce Harrell personally. Her initial
13
14   attempts at service, described in Dkt. # 11, were by email and were not directed to Mayor
15
16   Harrell. State law also allows personal service, during normal office hours, on the Mayor's
17
18   designated agent or city clerk. RCW 4.28.080. The City of Seattle generally requires
19
20   service to be made in person at the Office of the City Clerk, but has agreed to a limited
21
22   waiver of the personal service requirement if summons and the complaint are served via
23
24   email to MOS_Legalservice@seattle.gov or CityClerkFIling@seattle.gov (specific

instructions can be found at https://seattle.gov/mayor/service-of-legal-documents). Plaintiff

did none of these things, instead having a third party email the documents to

Law_CityAttorney_Crim_NOA@seattle.gov, an email box in the criminal division of the

City Attorney's Office. The City Attorney is not authorized to accept service of process on

behalf of the City.

     When the City's attorney contacted plaintiff to let her know that her attempts at

service were insufficient and that the certificates of service were misleading,[2] plaintiff

indicated that she had mailed requests for waivers of service pursuant to Rule 4(d) and

---

  [2] The proofs of service state, *inter alia*, that "Karina Veliz[] personally served" the documents by email and incurred travel costs in doing so. Dkt. # 11.

ORDER REGARDING SERVICE - 3

1
2
3
4
5
6
7
8
9

would amend the proofs of service accordingly. Regardless whether those waivers of service satisfy the requirements of Rule 4(d),[3] the City of Seattle did not return the waivers on behalf of itself or any of its departments, offices, agencies, boards, or commissions. When a defendant declines to sign and return a waiver, plaintiff must personally serve the complaint and summons and may then seek to recover the expense of doing so from the defendant. Fed. R. Civ. P. 4(d)(2). There is no indication that plaintiff attempted personal service on the City or the City-affiliated entities after the waiver period expired.

10
11
12
13
14
15
16
17
18
19
20

With regards to the City-affiliated individual defendants, Rule 4(e)(2) specifies that service is to be accomplished by (a) delivering a copy to the individual personally, (b) leaving a copy at the individual's house with a person who resides there and is of suitable age and discretion, or (c) delivering a copy to an agent authorized to accept service of process. *See also* RCW 4.28.080(16). Plaintiff chose to have the process server email copies of the complaint and summons to the individual defendants, which is clearly insufficient under Rule 4(e)(2). Her subsequent attempts to obtain waivers of service were unsuccessful.[4] There is no indication that plaintiff attempted personal service on the City-affiliated individuals after the waiver period expired.

21
22
23

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

24
25

[3] It appears that some waiver requests were directed at persons or entities for whom summons had not been issued, lacked 2 copies of the waiver form and/or a prepaid means for returning the form, misstated the date on which they were sent, and/or were not sent by first-class mail or other reliable means.

26

[4] In addition to the defects in the waiver of service packets sent to the City entities, the packets mailed or delivered to the individual defendants went to their work addresses rather than their homes.

ORDER REGARDING SERVICE - 4

1    dismiss the action without prejudice against that defendant or order that service be made

2    within a specified time." The original complaint in this action was filed more than six

3    months ago. Plaintiff has not shown good cause for her failure to timely serve, so the Court

4    must determine whether to exercise its discretion to grant an extension of the service

5    period. "In making extension decisions under Rule 4(m) a district court may consider

6    factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a

7    lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)

8    (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). Having

9    considered those factors, the length of the delay, plaintiff's efforts to achieve service, and

10   her *pro se* status, the Court finds that an extension of time is appropriate.

        For all of the foregoing reasons, the City of Seattle defendants' motion to dismiss is

GRANTED in part. Plaintiff has not successfully served the City of Seattle (including the

Mayor's Office, the City Attorney's Office, the Seattle Department of Construction and

Inspection, the Seattle Ethics and Elections Commission, the Seattle Civil Service

Commission, the Seattle Office of Civil Rights, the Human Resources Investigative Unit,

the Seattle Employment Retirement Services, the Seattle Department of Human Resources,

and the Seattle Customer Service Bureau), Andy Charles Higgins, Andy Lunde, Al Lunde,

Steve Burns, Ede Courtenay, Mike Peli, Danielle Priest, Stephanie Tate, Linda Elwood,

Stacie Bonathan, Amy Donlan, Rebecca Scheffer, Brandon Kuykendall, Marc Mayo,

Wayne Barnett, Andrea Scheele, Larry Lunde, Jeffrey S. Davis, Tim Rasmussen, Sam

Steele, Scott Lau, Bex Randel, Shelbe Kukowski, Peter Fuerbringer, Bruce Harrold, Mike Chin, Kristin Hawes, Derrick Wheeler-Smith, Nathan Torgelson, or Patrick Foss. To the extent plaintiff has filed affidavits or other proof of service on these entities and individuals, they are hereby STRICKEN. Plaintiff shall have forty-five days from the date of this Order to file proof of personal service and/or a signed waiver of service for the City of Seattle defendants. Failure to do so will result in the dismissal of the claims asserted against defendants who have not been served.

Dated this 9th day of December, 2024.

*MW S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER REGARDING SERVICE - 6