UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA SANCHEZ HOLIWELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. ANDY HIGGINS, *et al.*,<br><br>　　　　　Defendants. | CASE NO. 2:24-cv-00720-RSL<br><br>AMENDED ORDER REFERRING MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiff's "Application for Court-Appointed Counsel in Title VII Action." Dkt. # 45.

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment of counsel must show indigency.

Plaintiff has been granted *in forma pauperis* status (which the Court deems a sufficient showing of indigency) and asserts that she has contacted 18-20 private attorneys in an unsuccessful attempt to obtain representation.

With regards to the merits of plaintiff's claims, her various complaints lack a straightforward narrative, bouncing between years and events in a way that makes it very difficult to infer necessary causal relationships. They also highlight statements and conduct that do not appear to pertain to any of the asserted claims and mention causes of action, such as violations of the Sherman Act and the Anti-Money Laundering Act of 2020, that appear to be implausible on the facts asserted. These shortcomings make it difficult to ascertain whether plaintiff's discrimination, retaliation, and RCW 49.76 claims, which form the heart of her complaints, have a reasonable chance of success. Some of these claims implicate important public policies of the State of Washington, however, and their elements and burdens of proof are not generally within a lay person's ken. It appears that plaintiff is having difficulty articulating valid claims without a lawyer's assistance.

This District has implemented a plan for court-appointed representation of civil rights litigants. Pursuant to Paragraph 2(c) of the Plan for *Pro Se* Litigant Representation in Civil Rights Actions (as amended, effective Jan. 1, 2024), the Court refers this matter to the *Pro Bono* Coordinator and the *Pro Bono* Screening Committee for further review to determine if *pro bono* counsel is warranted. *See* General Order 07-23 (attachment).

AMENDED ORDER REFERRING MOTION FOR
APPOINTMENT OF COUNSEL - 2

The Clerk of Court is directed to renote plaintiff's motion for appointment of counsel on the Court's calendar for Friday, January 10, 2025, to give the Screening Committee time to make its recommendation.[1]

Dated this 3rd day of January, 2025.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Screening Committee has requested an extension of time in which to complete its review.

AMENDED ORDER REFERRING MOTION FOR
APPOINTMENT OF COUNSEL - 3