UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICIA SANCHEZ HOLIWELL,

         Plaintiff,

   v.

C. ANDY HIGGINS, *et al.*,

         Defendants.

CASE NO. 2:24-cv-00720-RSL

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND RENOTING MOTIONS

This matter comes before the Court on plaintiff's "Application for Court-Appointed Counsel in Title VII Action." Dkt. # 45.

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment of counsel must show indigency.

This District has implemented a plan for court-appointed representation of civil rights litigants. Pursuant to Paragraph 2(c) of the Plan for *Pro Se* Litigant Representation in Civil Rights Actions (as amended, effective Jan. 1, 2024), the Court referred this matter to the *Pro Bono* Coordinator and the *Pro Bono* Screening Committee for further review to determine if *pro bono* counsel is warranted. After considering the allegations, plaintiff's supplemental submission, and the resources available, the Screening Committee recommends against the appointment of *pro bono* counsel in this case. The Court adopts that recommendation. Plaintiff's motion for appointment of counsel, Dkt. # 45, is therefore DENIED.

While the motion to appoint counsel was pending, defendants filed two motions to dismiss (Dkt. # 48 and # 73) and the Court issued an Order to Show Cause why sanctions should not be imposed for failure to timely file a Joint Status Report (Dkt. # 50). These matters shall be renoted on the Court's calendar to give plaintiff an opportunity to respond now that the representational issue has been settled. The Clerk of Court is directed to renote the Order to Show Cause (Dkt. # 50) on the Court's calendar for February 7, 2025, and the motions to dismiss (Dkt. # 48 and 73) for consideration on February 14, 2025. The parties' responses to the Order to Show Cause are due on or before February 6th. Plaintiff's

responses to the motions to dismiss must be received by the Court on or before February 10th.

Dated this 13th day of January, 2025.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR APPOINTMENT OF
COUNSEL AND RENOTING MOTIONS - 3