UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA SANCHEZ HOLIWELL,<br><br>                    Plaintiff,<br>     v.<br><br>ANDY CHARLES HIGGINS, *et al.*,<br><br>                    Defendants. | CASE NO. 2:24-cv-00720-RSL<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. # 73) |

This matter comes before the Court on "Defendants Washington State Human Rights Commission, Employment Security Department, Alice Dinerman, and Sheena Christman's Motion To Dismiss or, in the Alternative, Quash Service of Summons Pursuant to FRCP 4(m) and 12(b)(5)." Dkt. # 73. Despite the specific reference to Rule 12(b)(5) in the title of the motion, the moving defendants also seek dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and on Eleventh Amendment immunity grounds under Rule 12(b)(1). The motion is unopposed.

Having reviewed plaintiff's fourth amended complaint (Dkt. # 12) and the remainder of the record, the Court finds as follows:

ORDER GRANTING MOTION TO DISMISS (DKT. # 73) - 1

There is no evidence that plaintiff attempted to serve the Washington State Human Rights Commission, the Employment Security Department, or Sheena Christman or that defendant Alice Dinerman was properly served with the summons and complaint. In an order dated December 9, 2024, the Court discussed the requirements of Rule 4, pointing out the jurisdictional nature of service and the insufficiency of service by email on an individual. Dkt. # 66. In the context of that order, the record showed that plaintiff understood that waivers of service could be requested and that proof of service was necessary. This motion was filed a month after the Court issued its first service order, and yet plaintiff has not taken any steps to remedy the service defects or file proofs of service.

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The fourth amended complaint, which added the last of the moving defendants to this litigation, was filed more than six months ago. Plaintiff has not shown good cause for her failure to timely serve, so the Court must determine whether to exercise its discretion to grant an extension of the service period. "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). Having considered those factors, the length of the delay, plaintiff's minimal efforts to achieve service, her lack of remedial efforts following

ORDER GRANTING MOTION TO DISMISS (DKT. # 73) - 2

the Court's December 9th order, and her failure to respond to the motion to dismiss, the Court finds that an extension of time is not appropriate.

The motion to dismiss (Dkt. # 73) is GRANTED for insufficient service of process. Because dismissal is warranted under Rule 4(m) and Rule 12(b)(5), the Court need not consider the moving defendants' Rule 12(b)(1) or (6) arguments.

Dated this 25th day of February, 2025.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS (DKT. # 73) - 3