UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICIA SANCHEZ HOLIWELL,

Plaintiff,

v.

ANDY CHARLES HIGGINS, *et al.*,

Defendants.

CASE NO. 2:24-cv-00720-RSL

ORDER GRANTING MOTION TO DISMISS (DKT. # 79)

This matter comes before the Court on the "Protec17 Defendants' Motion To Dismiss Pursuant to FRCP [] 4(m) and 12(b)(5)." Dkt. # 79. The "Protec17 Defendants" include the Professional & Technical Employees Local 17 Union, Kaite Mark, and Shaun Van Eyk. The motion is unopposed. Having reviewed plaintiff's fourth amended complaint (Dkt. # 12) and the remainder of the record, the Court finds as follows:

The proofs of service related to the Protec17 Defendants were filed on August 22, 2024, and describe service by email. Dkt. # 11-15, # 11-16, and Dkt. # 11-25. In an order dated December 9, 2024, the Court discussed the requirements of Rule 4, pointing out the jurisdictional nature of service and the general insufficiency of service by email. Dkt. # 66. In the context of that order, the record showed that plaintiff understood that waivers of

ORDER GRANTING MOTION TO DISMISS (DKT. # 79) - 1

service could be requested and that proof of service was necessary. This motion was filed more than a month after the Court issued its first service order, and yet plaintiff has not taken any steps to remedy the service defects or file proofs of service.

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The original complaint against the moving defendants was filed in May 2024, more than nine months ago. Plaintiff has not shown good cause for her failure to timely serve, so the Court must determine whether to exercise its discretion to grant an extension of the service period. "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). Having considered those factors, the length of the delay, plaintiff's minimal efforts to achieve service, her lack of remedial efforts following the Court's December 9th order, and her failure to respond to the motion to dismiss, the Court finds that an extension of time is not appropriate.

//

//

ORDER GRANTING MOTION TO DISMISS (DKT. # 79) - 2

For all of the foregoing reasons, the motion to dismiss (Dkt. # 80) is GRANTED for insufficient service of process.

Dated this 26th day of February, 2025.

                                            Robert S. Lasnik
                                      United States District Judge