UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICIA SANCHEZ HOLIWELL,

Plaintiff,

v.

ANDY CHARLES HIGGINS et al.,

Defendants.

CASE NO. 2:24-cv-00720-RSL

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 121)

This matter comes before the Court on Judge Robert Lasnik's denial (Dkt. No. 129) of Plaintiff's motion for recusal. (Dkt. No. 121.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Lasnik's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff questions Judge Lasnik's impartiality and seeks his recusal based on Judge Lasnik's alleged "refus[al] to acknowledge Plaintiff's protected status as a survivor of domestic violence and a person with a federally recognized disability." (Dkt. No. 121 at 2.) Plaintiff further argues Judge Lasnik erred by denying Plaintiff's motion to compel, which "give[s] rise to an appearance of institutional bias or collusion with the Defendant" and by denying her motion for appointment of counsel, which suggests "institutional indifference." (*Id.*) Plaintiff also argues Judge Lasnik failed to rule on certain motions in a timely manner. (Dkt. No. 122 at 4–5.)

With respect to Plaintiff's first argument, Judge Lasnik asserts the issues before him did not require findings concerning Plaintiff's status or disability and that while Plaintiff may disagree with his rulings, they do not indicate bias arising from an extrajudicial source. (Dkt. No. 129 at 3.) The Court agrees, and finds no evidence that would lead a reasonable person to question Judge Lasnik's impartiality. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v.*

*United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

With respect to the timeliness of his rulings, Judge Lasnik notes that his rulings on Plaintiff's motions to compel and to appoint counsel were issued well within 30-45 days of the noting date, as recommended by Local Civil Rule 7(b)(5). (Dkt. No. 129 at 3.) Judge Lasnik is correct, and even if there was a delay in ruling on Plaintiff's motions, this would not, without more, constitute a basis for questioning Judge Lasnik's impartiality. *See e.g., Collins v. Tenorio*, Case No. CV–08–430–PHX–ROS, 2008 WL 5225805 at *2 (D. Ariz. Dec. 15, 2008) (Noting that it may be possible to construct hypotheticals in which extreme delay in ruling on a motion "might be partial evidence of bias that would mandate recusal or disqualification", but that a relatively brief delay would not give rise to an inference of bias.)

Accordingly, the Court AFFIRMS Judge Lasnik's denial (Dkt. No. 129) of Plaintiff's motion for recusal. (Dkt. No. 121.)

Dated this 23rd day of June, 2025.



David G. Estudillo
United States District Judge