UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA SANCHEZ HOLIWELL, <br><br> Plaintiff, <br> v. <br><br> ANDY CHARLES HIGGINS et al., <br><br> Defendants. | CASE NO. 2:24-cv-00720-RSL <br><br> SECOND ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 150, 188, 191, 194, 198) |

This matter comes before the Court on Judge Robert Lasnik's denial (Dkt. No. 200) of Plaintiff's second motion for recusal. (*See generally* Dkt. Nos. 150, 188, 191, 194, 198.[1]) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Lasnik's decision not to recuse.

---

[1] Several documents are identified here because Plaintiff's criticisms of Judge Lasnik's handling of this matter appear in various documents.

SECOND ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 150, 188, 191, 194, 198) - 1

1        Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

        On July 15, 2025, Plaintiff filed a "Motion to Revise Interlocutory Order Pursuant to FRCP 54(b)." (Dkt. No. 150.) Plaintiff's motion challenges several rulings, including Judge Lasnik's denial of Plaintiff's first motion for recusal and the undersigned's affirmation of that denial. (*Id.* at 1–2.) Plaintiff argues these rulings "reflect a recurring failure to acknowledge Plaintiff's protected status and elevate the need to correct clear error and prevent manifest injustice." (*Id.* at 2.) Plaintiff disagrees with Judge Lasnik's rulings and argues his "explicit dismissal of Plaintiff's protected survivor status" creates a "cumulative pattern of disregard," and an "appearance of partiality and results in material prejudice." (*Id.* at 4.)

        On August 2, 2025, Plaintiff filed a "Supplemental Motion to Revise Under Rule 54(b)." (Dkt. No. 188.) Plaintiff's motion re-asserts her request for Judge Lasnik to recuse himself. (*Id.* at 3.) Plaintiff re-states her disagreements with Judge Lasnik's rulings, argues Judge Lasnik did not rule on her motions in a timely manner, and accuses Judge Lasnik of "election-cycle favoritism" benefitting Seattle City Attorney Ann Davison, who Plaintiff contends is a "named

institutional stakeholder in this case." (*Id.*)  On August 3, 2025, Plaintiff made another recusal request, re-stating her allegations concerning Judge Lasnik's impartiality, accusing him of suffering from "diminished capacity" and arguing he "exhibit[s] a superiority complex incompatible with fair process, adopting an adversarial posture rather than adjudicating with restraint."  (Dkt. No. 191 at 5–6.)

On August 4, 2025, Plaintiff filed another request for Judge Lasnik to recuse himself, asserting his alleged failures "strip Plaintiff of meaningful access to the courts and give the appearance of a forum that is no longer impartial or competent to adjudicate the matter." (Dkt. No. 194 at 3.)  On August 6, 2025, Plaintiff submitted an additional pleading re-stating her recusal request.[2]  (Dkt. No. 198.)

Judge Lasnik declined to recuse himself, finding Plaintiff's second motion for recusal was predicated on Plaintiff's disagreement with his rulings rather than bias from any extrajudicial source.  (Dkt. No. 200 at 4.)  With respect to Plaintiff's contention that Judge Lasnik is not ruling on her motions in a timely manner, Judge Lasnik advised Plaintiff that "litigation in federal court is not instantaneous" and informed her that he is currently presiding over more than 100 cases.  (*Id.* at 5.)

The Court agrees.  Plaintiff raised similar arguments in her first motion for recusal (Dkt. Nos. 121, 122), which the Court rejected (Dkt. No. 130).  The Court re-iterates that mere disagreement with Judge Lasnik's rulings does not constitute a basis for recusal.  *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994)

---

[2] Plaintiff has asserted her allegations against Judge Lasnik in other recent filings.  (*See* Dkt. Nos. 189, 196.)

SECOND ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 150, 188, 191, 194, 198) - 3

("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Further, as the Court stated in its prior order, even if there were a delay in ruling on Plaintiff's motions, this would not, without more, constitute a basis for questioning Judge Lasnik's impartiality. Plaintiff's accusations concerning City Attorney Davison appear to be without foundation. Finally, to the extent Plaintiff seeks speedy resolution of her motions, the Court advises Plaintiff that filing duplicative recusal motions will only delay resolution of her case, because it is not unusual for a judge to hold off on issuing rulings while a recusal request is reviewed by the undersigned.

Accordingly, the Court AFFIRMS Judge Lasnik's denial (Dkt. No. 200) of Plaintiff's second motion for recusal.

Dated this 11th day of August, 2025.

David G. Estudillo
United States District Judge