UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICIA SANCHEZ HOLIWELL,

Plaintiff,

v.

ANDY (ANDREW) CHARLES HIGGINS, *et al.*,

Defendants.

CASE NO. 2:24-cv-00720-RSL

ORDER

This matter comes before the Court on "Plaintiff's Supplemental Statement, Objections, Fraud Evidence, & Record Clarifications re: Dkt. 200 (Order Declining to Revise Dkt. 115)." Dkt. 213. The document is 40 pages long and (a) asserts that the Court made a series of errors or misstatements in an order declining to revise Dkt. 115 and (b) seeks to compel the production of certain data and materials.

Plaintiff was previously instructed to "ensure that all documents seeking relief or remedy from the Court be presented in a motion containing a "title indicating the purpose of the paper" (LCR 10(e)(2)), complete with any declarations, exhibits, or citations to the existing record supporting the motion (LCR 7(b)(1) and 10(e)(6)), and properly noted on the Court's calendar for consideration (LCR 7(d))." Dkt. 200 at 9 n.8. Although the Supplemental Statement requests certain forms of relief from the Court (*see, e.g.*, Dkt. 213 at 7 (requesting that the Court identify the CM/ECF entries and/or rules on which it relied)

ORDER - 1

and Dkt. 213 at 41-42 (proposed order)), the title of the motion gives no hint of the relief requested and the Statement is not noted on the Court's calendar for consideration. Except as discussed below, it has therefore not been considered.

To the extent plaintiff is seeking an order compelling defendants to produce certain data and documents, plaintiff relies on Dkt. 101 and 105. Other than the draft investigative reports that were properly withheld on privilege grounds, the only discovery request that has been served under Fed. R. Civ. P. 34(a) and (b)(1) seeks "records from 2013 to 2023 for all engineering services permit specialist 2's" including name and monthly/yearly wages paid. Dkt. 101 at 7. There is no indication that defendants failed to timely respond to this request or that the parties met and conferred (in writing) regarding deficiencies in defendants' response as required by Fed. R. Civ. P. 37(a)(1). The motion to compel a response to Request for Production 2 (Dkt. 101 at 7-8) is unsupported. The motion to compel the production of other documents is premature in that plaintiff has not served relevant discovery requests.

Dated this 2nd day of September, 2025.

Robert S. Lasnik
United States District Judge

ORDER - 2