UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIAN SANCHEZ HOLIWELL,<br><br>                Plaintiff,<br><br>     v.<br><br>CITY OF SEATTLE,<br><br>                Defendant. | CASE NO. 2:24-cv-00720-RSL<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

      This matter comes before the Court on plaintiff's "Same-Day Emergency Motion for Temporary Restraining Order and Preliminary Injunction." Dkt. 229. Injunctive relief prior to the final adjudication of a claim is warranted only if the moving party establishes "that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). If the "'balance of hardships tips sharply in plaintiff's favor,' and the other two *Winter* factors are satisfied, a plaintiff only needs to show "serious questions going to the merits" in the Ninth Circuit. *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

      Plaintiff asserts that starting in July 2025, Seattle Public Utilities ("SPU") issued notices of water shutoff stating that water service to plaintiff's residence could be terminated at any point on or after January 13, 2026. Plaintiff asserts that the termination is retaliation for raising workplace complaints and/or pursing this litigation and that she and her children will suffer irreparable harm if water service is cut off. The Court assumes, for purposes of this motion, that the balance of hardships tips sharply in plaintiff's favor, that the two other *Winter* factors are satisfied, and that plaintiff need show only that there are serious questions going to the merits of her retaliation claim. She has not met that burden.

      Plaintiff offers no evidence suggesting that SPU's termination notices were prompted by retaliatory motives. She does not assert, much less show, that SPU's justification for the termination – that the bill for plaintiff's residence has not been paid and the account is delinquent – is incorrect, much less a pretext for retaliatory motive. Plaintiff identifies no overlap or interactions between the individuals who evaluated the account's status and sent the notices of termination and the individuals who are involved in this case. Speculation and assumptions are insufficient to raise serious questions regarding SPU's motivation in refusing to provide services in the absence of payment.

      The Court understands that the threat of water service termination, coming in the midst of plaintiff's efforts to pursue two federal lawsuits, is causing psychological distress and exacerbating pre-existing mental health conditions. Dkt. 229-1. But absent some evidence that plaintiff will be able to show that the termination is retaliatory, preliminary injunctive relief is not available under the governing law.

      Plaintiff also asserts that access to her PACER account has been suspended or restricted, preventing her from filing documents in the above-captioned matter. It is unclear why plaintiff is able to file in one electronic docket, No. 2:25-cv-01262-RAJ, but not the other, No. 2:24-cv-00720-RSL. If plaintiff continues to have trouble filing

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY
INJUNCTION - 2

documents in this matter, she is invited to contact CM/ECF Support via phone or email, available between 8:00 AM and 5:00 PM, Monday through Friday. The Clerk's Office staff and other Court employees are prohibited by law from giving legal advice or performing any legal services on plaintiff's behalf, but they may be able to troubleshoot problems with plaintiff's account or access. CM/ECF Support can be reached at

cmecf@wawd.uscourts.gov

(206) 370-8440 (choose option 2) or

(866) 323-9293 (toll free) (choose option 2)

For all of the foregoing reasons, plaintiff's motion for a temporary restraining order or preliminary injunction (Dkt. 229) is DENIED.

Dated this 14th day of January, 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY
INJUNCTION - 3