UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA HOLIWELL, | CASE NO. 2:24-cv-00720-LK |
| Plaintiff, | ORDER SETTING BRIEFING SCHEDULE, STRIKING DUPLICATIVE MOTIONS, AND DENYING MOTION TO COMPEL PROCEDURAL POSTURE |
| v. | |
| CITY OF SEATTLE et al., | |
| Defendants. | |

This matter comes before the Court on several motions filed by pro se Plaintiff Alicia Holiwell. Dkt. Nos. 239, 241, 242. For the reasons set forth below, the Court orders a briefing schedule for cross-motions for summary judgment, strikes Ms. Holiwell's duplicative dispositive motions, and denies her motion "to compel procedural posture."

## I.    BACKGROUND

Ms. Holiwell filed this matter in May 2024. Dkt. No. 1. Numerous filings followed, including her fourth amended complaint—the operative pleading—in August 2025. Dkt. No. 207; *see also* Dkt. No 232 (noting that despite later filings, Dkt. No. 207 remains the operative complaint).

Ms. Holiwell alleges that her former employer, the City of Seattle, engaged in "a multi-year pattern of retaliation, discrimination, misclassification, wage suppression, hostile environment, and wrongful termination." Dkt. No. 207 at 2. She asserts claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, 42 U.S.C. § 1983, Washington's Law Against Discrimination, and Washington's Domestic Violence Leave Act. *Id.*

Ms. Holiwell has filed three recent, overlapping motions. First, on February 16, 2026, she filed a Notice of Breach, Motion for Affirmative Adjudication of Non-Discretionary Statutory Duties, and Motion for Calendar Reset. Dkt. No. 239. Second, on February 23, 2026, she filed a Notice and Motion for Affirmative Adjudication of Statutory Protections Governing Municipal-Employee Survivors of Domestic Violence. Dkt. No. 241. Third, also on February 23, she filed a Motion to Compel Procedural Posture. Dkt. No. 242. On March 3, 2026, Defendant City of Seattle filed a Motion for Summary Judgment. Dkt. No. 244.

## II.    DISCUSSION

**A.    The Court Grants in Part and Denies in Part the Request for a "Calendar Reset"**

Ms. Holiwell states that "[b]ecause threshold statutory duties remain unadjudicated, Plaintiff moves to reset the case calendar." Dkt. No. 239 at 7. According to Ms. Holiwell, "[p]roceeding through discovery, dispositive motions, or trial without resolving mandatory statutory predicates risks . . . [i]rreversible prejudice." *Id.* She asks the Court to "[p]ause merits litigation," "[e]stablish briefing schedule for statutory adjudication," and "[i]ssue findings and conclusions." *Id.* The Court declines to issue findings and conclusions based on Ms. Holiwell's improperly filed dispositive motions as set forth below.

The Court also declines to impose a stay. In considering whether to grant a stay, courts consider several factors, including:

ORDER SETTING BRIEFING SCHEDULE, STRIKING DUPLICATIVE MOTIONS, AND DENYING MOTION TO COMPEL PROCEDURAL POSTURE - 2

the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Ms. Holiwell does not identify any hardship or inequity she may suffer if required to proceed with this litigation, which she initiated. Nor is she entitled to a one-sided stay allowing her to pursue certain issues while staying the remainder of the litigation. Instead, in light of Defendants' pending motion for summary judgment and Ms. Holiwell's desire for an order on certain issues, the orderly course of justice is best served by setting a briefing schedule for cross-motions for summary judgment. Accordingly, the Court grants Ms. Holiwell's request for a briefing schedule and denies the remainder of her request for a "calendar reset."

Consistent with the Court's Standing Order for All Civil Cases, Dkt. No. 250-1 at 5, the Court renotes Defendants' motion for summary judgment for April 21, 2026. Ms. Holiwell must file her combined response to that motion and her own cross-motion for summary judgment (or other dispositive relief) of no more than 14,000 words by March 24, 2026. By April 14, 2026, Defendants must file their combined response to Plaintiff's motion and reply to their motion for summary judgment, not to exceed 8,750 words. Plaintiff's reply in support of her dispositive motion is due by April 21, 2026 and must not exceed 4,200 words.

Other than her one cross-motion for summary judgment, Ms. Holiwell must not file any other motion asking the Court to decide the claims in her fourth amended complaint or the legal issues that underlie those claims. Nor may she refile any exhibit already in the record. Pursuant to Local Civil Rule 10(e)(6), any future filing should refer to evidence already in the record by citing to the docket number and page number at the top of the document in blue text (such as "Dkt. No. 1 at 5"). Ms. Holiwell is also reminded that pursuant to Local Civil Rule 7(b)(1), "[t]he argument

ORDER SETTING BRIEFING SCHEDULE, STRIKING DUPLICATIVE MOTIONS, AND DENYING MOTION TO COMPEL PROCEDURAL POSTURE - 3

in support of the motion shall not be made in a separate document but shall be submitted as part of the motion itself." Therefore, any motion, response, or reply must include all of her arguments and citations. Ms. Holiwell is instructed that she must not file freestanding exhibits like the ones she filed at Dkt. No. 247. Any exhibits must be accompanied by a declaration, sworn under penalty of perjury under 28 U.S.C. § 1746, and related to a *specific* motion, response, or reply. The "exhibit" at docket entry 247 is therefore stricken. *See Johnson v. Holms*, No. 2:18-CV-00647-GMN-EJY, 2020 WL 9065891, at *1 (D. Nev. June 12, 2020) ("[A]ny document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court is a fugitive document and must be stricken from the record." (citation modified)). Furthermore, the Court will summarily strike any exhibits and other miscellaneous documents that do not comply with these directives.

**B.    The Court Strikes the Remainder of Ms. Holiwell's Duplicative Motions**

Local Civil Rule 7(e)(4) prohibits a party from "fil[ing] contemporaneous dispositive motions" without leave of the court. The Court also specifically instructed Ms. Holiwell in August 2025 "to file a single request for a particular remedy or relief" and informed her that "[d]uplicative requests filed after the date of this Order may not be considered." Dkt. No. 197 at 5. Still, Ms. Holiwell filed two contemporaneous and duplicative dispositive motions without the Court's leave.

First, in her February 16 motion, Ms. Holiwell noted that she "is the protected party under a Final Restraining Order issued by the Superior Court of Washington for King County" and asked the Court to "affirmatively acknowledge the legal force of the active protection order and adjudicate the statutory implications before proceeding further in this matter." Dkt. No. 239 at 2, 4. The same filing asks the Court to determine (1) "whether RCW 49.76 protections applied," (2) "whether safety accommodations under RCW 49.76.115 were triggered," (3) "whether ADA

ORDER SETTING BRIEFING SCHEDULE, STRIKING DUPLICATIVE MOTIONS, AND DENYING MOTION TO COMPEL PROCEDURAL POSTURE - 4

interactive process obligations were satisfied," and (4) "whether wage statutes were violated," as well as to "[i]ssue findings under FRCP 52 required to permit meaningful appellate review." *Id.* at 4. Ms. Holiwell's request for the Court to conclusory decide issues and claims in her favor constitutes a dispositive motion. *See* Black's Law Dictionary (12th ed. 2024) (dispositive motion (1939): "A motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings"). Second, on February 23, 2026, Ms. Holiwell filed another dispositive motion asking the Court to "[a]ffirmatively adjudicate the applicability and enforceability of" certain state and local laws, and "[e]nter declaratory findings[.]" Dkt. No. 241 at 2; *see also id.* at 7 (requesting findings on legal issues). Therefore, other than granting the limited request in docket entry 239 for a briefing schedule, the Court strikes the motions at docket entries 239 and 241 as violative of Local Civil Rule 7(e)(4) and the Court's prior order, Dkt. No. 197.

**C.    The Court Denies Ms. Holiwell's February 23, 2026 Motion**

On February 23, Ms. Holiwell filed a "motion to compel procedural posture." Dkt. No. 242. In that motion, she asks the Court to

> 1. Adjudicate the conflict between the strict application of Federal Rules (e.g., Rule 4, Rule 8) and the mandatory access requirements of ADA Title II and the contextual guidance of Title 34 U.S.C. regarding survivors.
>
> 2. Find that the application of 'narrative' standards to dismiss trauma-informed pleadings constitutes a procedural barrier to access under the ADA.
>
> 3. Re-evaluate . . . threshold issues (service, counsel, pleading sufficiency) under a framework that integrates the Contextual Authorities identified in Dkt. 240.

*Id.* at 13 (emphasis omitted).

It is unclear what these requests are seeking. The first two seem to request ADA accommodations, but the ADA does not apply to the federal courts. *See* 42 U.S.C. § 12131(1); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012). The same is true for the Rehabilitation Act. 29 U.S.C. § 794(a)-(b); *see also Davis v. Am. Express Prepaid Card Mgmt.*

*Corp.*, No. 1:16-CV-00591-MJS, 2017 WL 1398851, at *2 (E.D. Cal. Apr. 19, 2017) ("[T]he Rehabilitation Act does not apply to the federal courts: it only covers Executive agencies, the United States Postal Service, and certain categories of programs and activities receiving Federal funding.").

To the extent that Ms. Holiwell's third request is asking the Court to "[r]e-evaluate" its prior orders, the Court previously reminded Ms. Holiwell that "[t]he means and procedures for seeking revision of a Court order is set forth in LCR 7(h)" and that such motions for reconsideration "are disfavored." Dkt. No. 197 at 1–2 (quoting LCR 7(h)(1)). In the same order, the Court informed Ms. Holiwell that any motion for reconsideration had to filed within 14 days of the date of the underlying order, *id.* at 5, but Ms. Holiwell's motion does not identify any orders issued within that time period.

Finally, to the extent that Ms. Holiwell is arguing that U.S. District Court Judge Robert S. Lasnik should recuse himself, *see* Dkt. No. 242 at 4, that request is moot because he subsequently did so, *see* Dkt. No. 248. The Court thus denies this motion in its entirety.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND STRIKES IN PART Ms. Holiwell's motion for Affirmative Adjudication and Calendar Reset. Dkt. No. 239. The Court grants this motion only as to the request for a briefing schedule; the remainder of the motion is stricken. The Clerk is directed to renote Defendants' motion for summary judgment, Dkt. No. 244, for April 21, 2026. Ms. Holiwell must file her combined response to that motion and her own cross-motion for summary judgment (or other dispositive relief) of no more than 14,000 words by March 24, 2026. By April 14, 2026, Defendants must file their combined response to Plaintiff's motion and reply to their motion for summary judgment, not to exceed 8,750 words. Plaintiff's

reply in support of her dispositive motion is due by April 21, 2026 and must not exceed 4,200 words.

Ms. Holiwell is reminded that pro se litigants are subject to the same procedural requirements as other litigants. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules. *See Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023). The Court refers Ms. Holiwell to the Federal Rules of Civil Procedure, available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure, the Local Civil Rules for the Western District of Washington, available at https://www.wawd.uscourts.gov/sites/wawd/files/032725%20WAWD%20Local%20Civil%20Rules%20-%20Clean.pdf, and the Western District of Washington's guide for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se. Failure to comply with applicable laws, rules, or orders may result in sanctions up to and including revocation of e-filing privileges and dismissal of the case altogether. 28 U.S.C. § 1651(a); *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action); *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990); *Boyd v. Int'l Union of Operating Eng'rs Loc. 701*, No. 2:25-CV-01225-LK, 2026 WL 74085, at *1 (W.D. Wash. Jan. 9, 2026) (dismissing pro se plaintiff's case with prejudice for failure to abide by court orders).

The Court STRIKES docket entries 241 and 247 and DENIES docket entry 242.

Dated this 11th day of March, 2026.

Lauren King
United States District Judge